UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

RALEIGH C. SELLERS,
              Appellant,

      v.

DEPARTMENT OF THE NAVY,
              Agency.

DOCKET NUMBER
AT-315H-25-0399-I-1

DATE:  April 14, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Raleigh C. Sellers</u>, Chipley, Florida, pro se.

<u>David Kendrick</u>, Esquire, Panama City, Florida, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed this probationary termination appeal as untimely filed without good cause.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision as MODIFIED to find that dismissal of this appeal is warranted on both timeliness and jurisdictional grounds.

The agency hired the appellant to the competitive service position of Scientist in July 2021, subject to a 2-year probationary period. Initial Appeal File (IAF), Tab 1 at 5. In January 2022, the agency terminated him, citing his failure to follow instructions. IAF, Tab 7 at 7-9. The termination notice explained the appellant's limited Board appeal rights along with the associated 30-day filing deadline. The appellant filed this appeal of his probationary termination several years later, in February 2025. IAF, Tab 1 at 9; *see* 5 C.F.R. § 1201.4(*l*).

The administrative judge issued two orders. The first explained the appellant's jurisdictional burden and instructed the appellant to meet that burden. IAF, Tab 2. The second explained the standards for timeliness and instructed the appellant to present good cause for the untimeliness of his appeal. IAF, Tab 3. After the appellant responded, belatedly, IAF, Tab 9, the administrative judge dismissed the appeal, IAF, Tab 9, Tab 11, Initial Decision (ID). He found that the appellant did not establish good cause for the untimeliness of his appeal. ID at 1-6.

The appellant has filed a petition for review. Within, he argues that the Board should waive the timeliness requirement for this appeal due to the impropriety of his termination, which he characterizes as unlawful, retaliatory, and discriminatory. Petition for Review (PFR) File, Tab 1 at 4-7.

We begin by affirming the administrative judge's determination that the appellant did not establish good cause for the untimeliness of his appeal, for all the reasons described in the initial decision. ID at 2-6. We understand that the appellant has come up with new theories about the propriety of his probationary termination—theories that he came up with based in part on events that have occurred in the years since that termination. PFR File, Tab 1 at 4-7. However, like the administrative judge, we do not find that this constitutes good cause for the roughly 3-year delay in the appellant's filing of this appeal.

We next find that this appeal must also be dismissed because the appellant has not established Board jurisdiction. *See generally Beaudette v. Department of the Treasury*, 100 M.S.P.R. 353, ¶ 11 (2005) (finding that when the Board's lack of jurisdiction is clear, the appeal should be dismissed based on jurisdiction rather than timeliness). For purposes of the appellant's probationary termination, in 2022, the Board's jurisdiction is limited. He could bring an appeal of his probationary termination if he was discriminated against because of his marital status or partisan political affiliation or if the agency action was based in whole or in part on issues that arose preappointment and the required procedures were not followed. *Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010).[2] Although he was advised of these jurisdictional requirements, IAF, Tab 2 at 2-3, the appellant did not make corresponding nonfrivolous allegations entitling him to a hearing on the issue, IAF, Tab 9 at 5-6. Instead, he presented other allegations that are of little consequence to his jurisdictional burden. For example, the appellant asserts that he was terminated on the spot, without advanced notice, he was terminated without consideration or accommodation of his physical disability, and he was terminated for opposing his supervisor's

---

[2] Effective June 24, 2025—after the appellant's termination—OPM rescinded subpart H of part 315 of Title 5 of the Code of Federal Regulations pursuant to Executive Order No. 14,284, thereby further limiting the Board appeal rights of individuals serving a probationary period. Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01 (June 24, 2025).

instructions. *Id.* Although we have considered these allegations, they do not suffice for purposes of meeting his jurisdictional burden.[3] Thus, the appellant's appeal of his probationary termination must be dismissed.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[3] Within his petition for review, the appellant seems to assert for the first time that he made protected whistleblowing disclosures that give rise to an inference of reprisal in the form of his termination soon after. PFR File, Tab 1 at 5-6. The appellant suggests that the Board is obligated to consider such a claim, regardless of his probationary status. *Id.* To the extent that he is implicating the Board's jurisdiction over individual right of action (IRA) appeals, we find nothing to suggest that he has met the prerequisite of exhausting such claims with the Office of Special Counsel (OSC). To establish Board jurisdiction in an IRA appeal, a covered individual must, as discussed above, prove by preponderant evidence that he exhausted his administrative remedies with OSC. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 11 (citing 5 U.S.C. § 1214(a)(3), 5 C.F.R. § 1201.57(c)(1)). He must also make nonfrivolous allegations that: (1) he made a protected whistleblowing disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected whistleblowing activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Cooper v. Department of Veterans Affairs*, 2023 MSPB 24, ¶ 8 (citing 5 U.S.C. §§ 1214(a)(3), 1221(e)(1)).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:               _____
                             Gina K. Grippando
                             Clerk of the Board
Washington, D.C.